UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWIN DEWAYNE BROOKS,

        Petitioner,

v.

        CIVIL NO. 2:14-CV-12576
        HONORABLE NANCY G. EDMUNDS
        UNITED STATES DISTRICT COURT

DAVID BERGH,

        Respondent.
_____/

**OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS***

Edwin DeWayne Brooks, ("Petitioner"), confined at the Thumb Correctional Facility in Lapeer, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for first-degree home invasion, M.C.L.A. 750.110a(2); second-degree home invasion, M.C.L.A. 750.110a(3); receiving and concealing stolen firearms, M.C.L.A. 750.535b; felon in possession of a firearm, M.C.L.A. 750.224f; and receiving and concealing a stolen motor-vehicle, M.C.L.A. 750.535(7). For the reasons stated below, the petition for writ of habeas corpus is **SUMMARILY DENIED WITH PREJUDICE.**

### I. Background

Petitioner was convicted of the above offenses following a jury trial in the Berrien County Circuit Court. Petitioner's conviction was affirmed on appeal by the Michigan Court of Appeals. *People v. Brooks,* No. 293840; 2011 WL 4389217 (Mich.Ct.App. September 20, 2011). Petitioner filed an application for leave to appeal with the Michigan Supreme Court.

1

While that application was pending, petitioner filed a petition for writ of habeas corpus, which was dismissed without prejudice because petitioner had failed to exhaust his claims with the state courts. *Brooks v. Bergh*, No. 2:12-CV-10573; 2012 WL 530087 (E.D.Mich. February 17, 2012). The Michigan Supreme Court subsequently denied petitioner leave to appeal. *People v. Brooks*, 491 Mich. 919, 812 N.W.2d 732 (2012).

Petitioner then filed a post-conviction motion for relief from judgment pursuant to M.C.R. 6.500, *et. Seq.*, which was denied by the Berrien County Circuit Court. Petitioner does not appear to have appealed the denial of his post-conviction motion to the Michigan appellate courts. [1]

Petitioner has filed a document entitled "Special Circumstances Requiring Prompt Intervention Into State Court Case." Within his pleadings, petitioner references several times to 28 U.S.C. § 2254, the federal habeas statute, and asks that a writ of habeas corpus be granted and that his criminal conviction be vacated. Given that petitioner specifically refers to the habeas corpus statute and requests immediate release from his conviction, this Court will construe his action as a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. *See e.g. Simpson v. Caruso,* 355 Fed. Appx. 927, 930 (6th Cir. 2009).

---

[1] Petitioner does not indicate in his pleadings that he ever appealed the denial of his post-conviction motion for relief from judgment to the Michigan appellate courts. Petitioner also did not provide this Court with a complete copy of the Berrien County Circuit Court judge's order denying his post-conviction motion, so this Court is unable to determine the date that the post-conviction motion was denied. There is no indication from the Michigan Court of Appeals' website, coa.courts.mi.gov/ and Westlaw's website, www.westlaw.com, that petitioner filed any appeal following the denial of this motion by the Berrien County Circuit Court. Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *See United States ex. rel. Dingle v. BioPort Corp.,* 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003). A federal district court is also permitted to take judicial notice of another court's website. *See e.g. Graham v. Smith,* 292 F. Supp. 2d 153, 155, n. 2 (D. Me. 2003).

Petitioner seeks habeas relief from his conviction on the ground that the Berrien County Circuit Court lacked jurisdiction to try his case. Petitioner specifically contends that the trial court lacked jurisdiction over his case because the prosecutor and police violated the Federal Kidnaping Act when they extradited petitioner from the State of Indiana without first obtaining a proper complaint or arrest warrant. Petitioner also appears to argue that the trial court lacked jurisdiction over his case because of an improper bindover following the preliminary examination. Lastly, petitioner appears to argue that the state trial court judge erred in denying his post-conviction motion for relief from judgment.

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the

3

law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.  A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).  The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010)((quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (*per curiam*)).  "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  The Supreme Court emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003). Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.*

In addition, a petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *See Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001).  Federal courts are also

4

authorized to dismiss any habeas petition that appears legally insufficient on its face. *See McFarland v. Scott,* 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. The Sixth Circuit, in fact, long ago indicated that they "disapprove the practice of issuing a show cause order [to the respondent] until after the District Court first has made a careful examination of the petition." *Allen v. Perini,* 424 F. 3d 134, 140 (6th Cir. 1970). A district court therefore has the duty to screen out any habeas corpus petition which lacks merit on its face. *Id.* at 141. No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. *Id.*

After undertaking the review required by Rule 4, this Court concludes, for reasons stated in greater detail below, that petitioner's claims do not entitle him to habeas relief, such that the petition must be summarily denied. *See Robinson v. Jackson,* 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005).

### III. Discussion

Petitioner argues that his conviction should be set aside because the state trial court never obtained jurisdiction over his case because the prosecutor and the police violated the Federal Kidnaping Act by forcibly abducting petitioner from the State of Indiana without first obtaining a proper criminal complaint or arrest warrant. Petitioner further contends that the Berrien County Circuit Court never acquired jurisdiction over his

case because of defects at the preliminary examination. Petitioner also appears to argue that the trial judge erred in denying his post-conviction motion.

As an initial matter, it is unclear whether petitioner properly exhausted his claims with the state courts. As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971). A prisoner confined pursuant to a Michigan conviction must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002). A habeas petitioner has the burden of proving that he or she has exhausted his or her state court remedies. *Sitto v. Bock,* 207 F. Supp. 2d 668, 675 (E.D. Mich. 2002). The failure to exhaust state court remedies may be raised *sua sponte* by a federal court. *See Benoit v. Bock,* 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003); 28 U.S.C. § 2254(b)(3).

Federal habeas corpus relief is unavailable to a state prisoner who fails to allege that he or she has exhausted his or her available state court remedies. *See Granville v. Hunt,* 411 F. 2d 9, 11 (5th Cir. 1969). The instant petition is subject to dismissal, because petitioner has failed to allege or indicate in his petition that he has exhausted his state court remedies. *See Peralta v. Leavitt,* 56 Fed. Appx. 534, 535 (2nd Cir. 2003); *See also Fast v. Wead,* 509 F. Supp. 744, 746 (N.D. Ohio 1981).

Although petitioner raised his claims in his post-conviction motion, there is no indication that petitioner appealed the denial of that post-conviction motion to the Michigan appellate courts. In order to exhaust a claim for federal habeas review, a petitioner must present each ground to both state appellate courts, even where the state's highest court

provides only discretionary review. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845-47 (1999). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *See Wagner v. Smith,* 581 F. 3d 410, 414 (6th Cir. 2009). Because petitioner failed to complete the appellate process for any post-conviction motion that he filed, he has failed to satisfy the exhaustion requirement. *See e.g. Paffhousen v. Grayson,* 238 F. 3d 423 (Table), No. 2000 WL 1888659, * 2 (6th Cir. December 19, 2000); *Mohn v. Bock,* 208 F. Supp. 2d at 800. Where a habeas petitioner has an opportunity under state law to file an appeal following the state trial court's denial of a state post-conviction motion, the petitioner has failed to exhaust his or her state court remedies. *See Cox v. Cardwell,* 464 F. 2d 639, 644-45 (6th Cir. 1972).

Nonetheless, a habeas petitioner's failure to exhaust his or her state court remedies does not deprive a federal court of its jurisdiction to consider the merits of the habeas petition. *Granberry v. Greer*, 481 U.S. 129, 131 (1987). A habeas petitioner's failure to exhaust his or her state court remedies is not a bar to federal habeas review of the claim "when the claim is plainly meritless and it would be a waste of time and judicial resources to require additional court proceedings." *Friday v. Pitcher,* 200 F. Supp. 2d 725, 744 (E.D. Mich. 2002); 28 U.S.C. § 2254(b)(1)(A)(c). Because petitioner's claims lack merit, in the interests of efficiency and justice, the Court will address petitioner's claims, rather than dismiss the petition on exhaustion grounds. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999).

Petitioner's primary claim is that the Berrien County Circuit Court lacked jurisdiction over his case.

The determination of whether a state court is vested with jurisdiction under state law over a criminal case is a function of the state courts, not the federal courts. *Wills v. Egeler,* 532 F. 2d 1058, 1059 (6th Cir. 1976); *See also Daniel v. McQuiggin,* 678 F.Supp. 2d 547, 553 (E.D. Mich. 2009). The Sixth Circuit has noted that "[a] state court's interpretation of state jurisdictional issues conclusively establishes jurisdiction for purposes of federal habeas review." *Strunk v. Martin*, 27 Fed. Appx. 473, 475 (6th Cir. 2001). Petitioner's claim that the trial court lacked jurisdiction to try his case for the most part raises an issue of state law, because it questions the interpretation of Michigan law, and is therefore not cognizable in federal habeas review. *See United States ex. rel. Holliday v. Sheriff of Du Page County, Ill.,* 152 F. Supp. 1004, 1013 (N.D. Ill. 2001); *Cf. Toler v. McGinnis,* 23 Fed. Appx. 259, 266 (6th Cir. 2001)(district court lacked authority on habeas review to review petitioner's claim that the state court erred in refusing to instruct jury on the requirements for extraterritorial jurisdiction, because the claim was contingent upon an interpretation of an alleged violation of state law).

Petitioner's claim that the Michigan prosecutor and police violated the Federal Kidnaping Act by "forcibly abducting" him by obtaining his extradition from the State of Indiana without a proper arrest warrant or complaint would not deprive the state court of jurisdiction to try him nor would it entitle him to relief.

"An illegal arrest, without more, has never been viewed as a bar to subsequent prosecution, nor as a defense to a valid conviction." *United States v. Crews*, 445 U.S. 463, 474 (1980)(citing *Gerstein v. Pugh*, 420 U.S. 103, 119 (1975)); *See also Frisbie v. Collins*, 342 U.S. 519 (1952); *Ker v. Illinois*, 119 U.S. 436 (1886). Indeed, the Supreme Court in *Frisbie* held that the mere fact that a habeas petitioner had been seized and forcibly

8

abducted from one state to another by police officers acting beyond their territorial jurisdiction in violation of the Federal Kidnaping Act did not show any denial of due process of law which would invalidate his subsequent conviction. *Frisbie,* 342 U.S. at 522-23. The Supreme Court has held that "[T]he 'body' or identity of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred." *INS v. Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984). Although the exclusionary rule prohibits the introduction at trial of evidence that was seized in violation of the constitution, a criminal defendant "is not himself a suppressible 'fruit,' and the illegality of his detention cannot deprive the Government of the opportunity to prove his guilt through the introduction of evidence wholly untainted by the police misconduct." *Crews*, 445 U.S. at 474.

Petitioner does not identify any evidence other than his own body that was seized during this allegedly unlawful arrest. Thus, the mere fact that petitioner may have been arrested without probable cause or brought back to Michigan in violation of the Federal Kidnaping Act would not prevent him from being prosecuted and convicted of these offenses. Moreover, to the extent that petitioner challenges the extradition proceedings from Indiana to Michigan, petitioner's return to the State of Michigan rendered the challenge to the extradition moot. *See Barton v. Norrod*, 106 F. 3d 1289, 1298 (6th Cir. 1997).

To the extent that petitioner challenges the admissibility of any evidence seized as a result of his allegedly illegal detention, he would nonetheless not be entitled to habeas relief on this claim as well. A federal habeas review of a petitioner's arrest or search by

9

state police is barred where the state has provided a full and fair opportunity to litigate an illegal arrest or a search and seizure claim. *Stone v. Powell*, 428 U.S. 465, 494-95 (1976); *Machacek v. Hofbauer*, 213 F. 3d 947, 952 (6th Cir. 2000). For such an opportunity to have existed, the state must have provided, in the abstract, a mechanism by which the petitioner could raise the claim, and presentation of the claim must not have been frustrated by a failure of that mechanism. *Riley v. Gray*, 674 F. 2d 522, 526 (6th Cir. 1982). The relevant inquiry is whether a habeas petitioner had an opportunity to litigate his claims, not whether he in fact did so or even whether the Fourth Amendment claim was correctly decided. *See Wynne v. Renico,* 279 F. Supp. 2d 866, 892 (E.D. Mich. 2003); *rev'd on other grds* 606 F.3d 867 (6th Cir. 2010). Indeed, under *Stone*, the correctness of a state court's conclusions regarding a Fourth Amendment claim "is simply irrelevant." *See Brown v. Berghuis,* 638 F. Supp, 2d 795, 812 (E.D. Mich. 2009). "The courts that have considered the matter 'have consistently held that an erroneous determination of a habeas petitioner's Fourth Amendment claim does not overcome the *Stone v. Powell* bar.'" *Id.* (quoting *Gilmore v. Marks*, 799 F.2d 51, 57 (3rd Cir. 1986)). Thus, an argument by a habeas petitioner that is "directed solely at the correctness of the state court decision [on a Fourth Amendment claim] 'goes not to the fullness and fairness of his opportunity to litigate the claim[s], but to the correctness of the state court resolution, an issue which *Stone v. Powell* makes irrelevant.'" *Brown,* 638 F. Supp. 2d at 812-13 (quoting *Siripongs v. Calderon*, 35 F. 3d 1308, 1321 (9th Cir. 1994)).

Petitioner is unable to raise a Fourth Amendment claim that the evidence in this case was the product of an illegal arrest or search because he indicates in his pleadings that he filed a pre-trial motion to suppress the evidence, which was denied by the trial

10

court. *Machacek*, 213 F. 3d at 952; *Monroe v. Smith,* 197 F. Supp. 2d 753, 766 (E.D. Mich. 2001). Because petitioner was afforded opportunities to present his case regarding the validity of the arrest, *Stone* bars his Fourth Amendment claim. *Brown,* 638 F. Supp. 2d at 813.

The Court is aware that petitioner appears to argue throughout his pleadings that the prosecutor withheld evidence of his felony complaint and felony warrant, which petitioner claims prevented him from adequately challenging the legality of his arrest. Petitioner's claim is itself barred by the *Stone v. Powell* doctrine because it essentially involves a Fourth Amendment attack on the validity of petitioner's search and arrest. *See O'Quinn v. Estelle,* 574 F. 2d 1208, 1209-10 (5th Cir. 1978) (petitioner's claim that prosecution failed to disclose exculpatory information, which involves due process guaranty of a fair trial, was part of petitioner's Fourth Amendment claim, since exculpatory information would eventually be used to attack the search warrant)*; See also Simpson v. Kreiger,* 565 F.2d 390, 392 (6th Cir. 1977)(refusal to disclose informant's identity did not deny petitioner a full and fair opportunity to litigate Fourth Amendment claims in state court). Petitioner would not be entitled to habeas relief on this claim.

Petitioner further claims that the Berrien County Circuit Court never acquired jurisdiction over his case because various errors committed at the preliminary examination rendered the bindover to the circuit court defective.

A prior judicial hearing is not a prerequisite to prosecution by information. *Gerstein v. Pugh*, 420 U.S. at 119. There is no federal constitutional right to a preliminary examination. *See United States v. Mulligan*, 520 F. 2d 1327, 1329 (6th Cir. 1975); *Dillard v. Bomar*, 342 F. 2d 789, 790 (6th Cir. 1965). Even if the bindover may have been

defective, such a violation of petitioner's state statutory rights does not warrant federal habeas relief, nor would it deprive the Berrien County Circuit Court of jurisdiction. *See e.g. Tegeler v. Renico,* 253 Fed. Appx. 521, 525-26 (6th Cir. 2007).

Finally, any claim by petitioner that the Berrien County Circuit Court wrongfully denied him post-conviction relief is non-cognizable. This Court notes that "[t]he Sixth Circuit consistently held that errors in post-conviction proceedings are outside the scope of federal habeas corpus review." *Cress v. Palmer,* 484 F. 3d 844, 853 (6th Cir. 2007). Thus, a federal habeas corpus petition cannot be used to mount a challenge to a state's scheme of post-conviction relief. *See Greer v. Mitchell,* 264 F. 3d 663, 681 (6th Cir. 2001). The reason for this is that the states have no constitutional obligation to provide post-conviction remedies. *Id.* (citing to *Pennsylvania v. Finley,* 481 U.S. 551, 557 (1987)). Challenges to state collateral post-conviction proceedings "cannot be brought under the federal habeas corpus provision, 28 U.S.C. § 2254," because "'the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody.'" *Kirby v. Dutton*, 794 F. 2d 245, 246 (6th Cir. 1986)(quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). "A due process claim related to collateral post-conviction proceedings, even if resolved in a petitioner's favor, would not 'result [in] ... release or a reduction in ... time to be served or in any other way affect his detention because we would not be reviewing any matter directly pertaining to his detention.'" *Cress,* 484 F. 3d at 853 (quoting *Kirby*, 794 F. 2d at 247). Thus, the "'scope of the writ'" does not encompass a "'second tier of complaints about deficiencies in state post-conviction proceedings.'" *Cress*, 484 F. 3d at 853 (quoting *Kirby*, 794 F. 2d at 248). "[T]he writ is not the proper means to challenge collateral matters

as opposed to the underlying state conviction giving rise to the prisoner's incarceration." *Id.* (internal quotations omitted).

The Court will summarily deny the petition for writ of habeas corpus. The Court will also deny petitioner's motion for the appointment of counsel. There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess,* 306 F. 3d 441, 444 (6th Cir. 2002). Because petitioner's claims lacks any merit, the Court will deny petitioner's request for the appointment of counsel. *See Lemeshko v. Wrona*, 325 F. Supp. 2d 778, 788 (E.D. Mich. 2004).

### IV. Conclusion

The Court will summarily deny the petition for writ of habeas corpus with prejudice. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). A habeas petitioner should be granted a certificate of appealability permitting him to appeal from the summary dismissal of his habeas petition only if reasonable jurists could disagree with the district court's application of Rule 4 to summarily dismiss the petitioner's claims. *See Boutwell v. Keating,* 399 F. 3d 1203, 1211 (10th Cir. 2005). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; *See also Strayhorn v. Booker,* 718 F. Supp. 2d 846, 875 (E.D. Mich.

2010).

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *See Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001). Indeed, it would be a "rare case" in which a district judge issues a habeas petitioner a certificate of appealability to appeal after he or she dismisses a habeas petition without requiring an answer because it plainly appeared from the face of the petition and any exhibits annexed to it that the petitioner was not entitled to habeas relief. *See e.g. Alexander v. Harris,* 595 F. 2d 87, 91 (2nd Cir. 1979); *Myers v. Ludwick*, No. 2:09-CV-14610; 2009 WL 4581693, * 4 (E.D. Mich. December 3, 2009). The Court will also deny petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *Allen v. Stovall,* 156 F. Supp. 2d at 798.

## IV. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **SUMMARILY DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED that the motion for the appointment of counsel [Dkt. # 3] is **DENIED.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

                                       s/ Nancy G. Edmunds
                                       **HON. NANCY G. EDMUNDS**
                                       UNITED STATES DISTRICT COURT

Dated: July 17, 2014